# United States Court of Appeals for the Fifth Circuit

---

No. 24-60520
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Benjamin Demond McAbee,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CR-150-1

---

Before Dennis, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Benjamin Demond McAbee pled guilty to possessing a firearm after felony conviction. The district court determined that the Armed Career Criminal Act ("ACCA") enhancement applied and sentenced him accordingly. On appeal, McAbee challenges that enhanced sentence.[1] He argues

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] We previously vacated the sentence in this case because the Government's evidence was insufficient to support the district court's application of the ACCA

that the *Shepard*[2] documents provided by the Government do not establish that his 1999 Mississippi conviction was a "serious drug offense" under the ACCA.

We review whether a defendant's prior conviction is an ACCA predicate offense *de novo*. *United States v. Prentice*, 956 F.3d 295, 298 (5th Cir. 2020). "[A]n offense under State law involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law" is a "serious drug offense" under the ACCA. 18 U.S.C. § 924(e)(2)(A)(ii).

To establish that McAbee's 1999 conviction was a serious drug offense, the Government provided three *Shepard* documents: the indictment, McAbee's petition to enter a guilty plea ("guilty plea"), and the judgment. A grand jury indicted McAbee for "willfully, unlawfully, feloniously, and knowingly deliver[ing] cocaine." According to the guilty plea, McAbee then pled guilty to the charge of "sale of cocaine,"[3] which carried a maximum sentence of 30 years' imprisonment and a minimum fine of $5,000, but he expected the district attorney to recommend a five-year sentence and $500

---

enhancement. *United States v. McAbee*, No. 22-60565, 2023 WL 7921249, at *2 (5th Cir. Dec. 8, 2023). We remanded the case for resentencing and instructed the district court to determine whether the Government could proffer *Shepard* evidence demonstrating that McAbee's 1999 conviction warrants the ACCA enhancement. *Id.* On remand, the Government submitted McAbee's 1999 petition to enter a guilty plea in addition to the evidence it previously proffered. As we will explain, this new evidence establishes that the ACCA enhancement applies.

[2] *Shepard v. United States*, 544 U.S. 13 (2005).

[3] The guilty plea states that the elements of this charge were: (a) willful; (b) unlawful; (c) felonious; (d) knowing; (e) sale of cocaine. It then provides: "I submit the following facts which I state to be true, and feel that all of the above elements are proven by these facts: *I sold cocaine*." "I sold cocaine" is handwritten by McAbee.

fine. The state court judgment confirms that McAbee pled guilty to delivery of cocaine in violation of Mississippi Code Annotated § 41-29-139 and that—consistent with the anticipated recommendation—the court sentenced him to five years' imprisonment and ordered him to pay a $500 fine.

While the *Shepard* documents do not expressly provide which subsection of section 41-29-139 McAbee was convicted under, we can deduce from the maximum sentence and minimum fine listed on the guilty plea that it was section 41-29-139(a)(1). *See* Miss. Code Ann. § 41-29-139(b)(1) (1999) (providing the statutory punishment of a maximum term of 30 years' imprisonment and a minimum fine of $5,000 for a conviction under section 41-29-139(a)(1)). Because that is an offense involving "manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law," it is a serious drug offense under the ACCA. *See* 18 U.S.C. § 924(e)(2)(A)(ii).

McAbee argues that he could not have been convicted under section 41-29-139(a)(1), which has a minimum fine of $5,000, because the court only fined him $500. Instead, he submits that he was more likely convicted of simple possession under section 41-29-139(c)(1). We disagree. Because this was McAbee's first offense, the trial court was authorized to reduce the fine. *See* Miss. Code Ann. § 41-29-149(a) (1999) ("Regardless of the penalties provided heretofore for the violation of any section or portion of this article, the judge of the court of jurisdiction of any defendant may, in his discretion, suspend such penalty, penalties, or portions thereof, for any person charged with a first offense."). McAbee also received the fine that, according to his guilty plea, he expected the district attorney to request.

The guilty plea's inclusion of "sale of cocaine" in the elements of the crime, McAbee's admission in the guilty plea that he "sold cocaine," the

No. 24-60520

recitals in the guilty plea regarding the statutory punishment range, and the trial court's authority to deviate from that range, establish that McAbee was convicted under section 41-29-139(a)(1). Because a conviction under that section carries a 30-year statutory maximum sentence, McAbee's 1999 conviction constitutes a serious drug offense under the ACCA. The judgment of the district court is AFFIRMED.